BEN KENDALL, ADMINISTRATOR, v. C. W. MORRISON ET AL.

Decided October 28, 1903.

**Contract—Evidence.**

See the opinion for substance of evidence held sufficient to establish a contract between the owners of an insurance policy and the beneficiaries named in a will.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*Sleeper & Kendall,* for appellant.

*Richard I. Munroe* and *J. R. Downs,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is a controversy over the proceeds of a life insurance policy issued by the Sovereign Camp Woodmen of the World, insuring the life of Thomas G. Nason in the sum of $3000, payable to his mother, Mrs. Solomon Isriald. There was a nonjury trial, resulting in a judgment for the plaintiffs, from which the defendants have appealed.

The trial judge filed no conclusions of fact and law, but the testimony in the record is sufficient to show, and we therefore find, as conclusions of fact:

1. That in September, 1901, Thomas G. Nason and his mother were residing together in Waco, Texas; that both had been sick for some time; had no property of any consequence, except the insurance policy; had applied to another relative, who failed to render any assistance, and were rendered material aid and assistance by the beneficiaries thereafter named in the will of Thomas G. Nason. On the 27th day of September, 1901, Mrs. Solomon Isriald executed a written document, purporting to assign all of her interest in the policy to Thomas G. Nason. On October 1, 1901, Thomas G. Nason, with the knowledge, consent and approval of his mother, executed a written will, by the terms of which he undertook to dispose of the insurance policy in question, thereby bequeathing it to the plaintiffs, who were not related to him, but were neighbors, and had rendered material aid and assistance to him and his mother. After devising specified sums to other plaintiffs, the will directed C. W. Morrison and his wife to take charge of the residue of the estate as trustees, for the following purposes: First. To purchase a burial lot and pay all burial expenses of Thomas G. Nason and his mother. Second. To take care of his mother during the remainder of her life, and use the trust fund for that purpose. Third. If any residue remained after the death of the mother, it was to become the property of C. W. Morrison and his wife.

2. Mrs. Isriald was present when the will was prepared, made suggestions in reference thereto, fully understood its contents and con-

sented thereto, and immediately after the death of Thomas G. Nason, which occurred shortly after executing the will, she went to the home of Mr. and Mrs. Morrison, and was thereafter taken care of by them until the time of her death, which occurred on the 3d day of November, 1901.

3. C. W. Morrison and his wife have fully complied with all the requirements placed upon them by the will.

It is urged in appellant's brief that Mrs. Isriald, the beneficiary in the policy, did not assign the same in the manner required by the constitution and by-laws of the insurance company; and therefore at her death the policy belonged to her, and is collectible by her administrator. We find it unnecessary to decide the point referred to. In our opinion, the facts established by the testimony evidence a contract binding upon Mrs. Isriald and the representative of her estate, by the terms of which the plaintiffs were entitled to collect the policy. Bryson v. McShane, 49 Law Rep. Ann., 527.

No error has been shown, and the judgment is affirmed.

*Affirmed*

Writ of error refused.